## CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH

In re Petition of
Gregory Frech,
Georgianna Frech,
Jackie Morris, and
the Department of
Conservation and
Historic Resources

June 25, 1987

Case Nos. (Chancery) CH87-1501, CH87-1632

By JUDGE AUSTIN E. OWEN

It appears that the same petition has now, inadvertently, been twice filed in the Clerk's Office of this Court, on June 10, 1987, and again on June 23, 1987, with numbers as above. Because the original filing had not been located at the time of the hearing before me on June 23, 1987, duplicates may have [been] provided to the Clerk on that date.

The Court is led to understand from the petition and the representations offered at the hearing on June 23, 1987, that during archaeological exploration on two residential lots in this city, owned by the petitioners Gregory and Georgianna Frech and by Jackie Morris, respectively, bones have been discovered. The bones are believed to be the skeletal remains of human bodies interred on the lots at least 300 years ago. The bones are not within a maintained graveyard and are not marked with any identifying marker.

[It was] noted to the Court that the *unlawful* removal or displacement of the bones would seemingly violate the provisions of Virginia Code Section 18.2-126.

The petition is not filed under the authority of Virginia Code Section 57-38.1, which would appear applicable to the situation recited. This is almost certainly due to the fact that the authority of the Court under that Code Section is to "order the removal made *and the remains properly deposited* in another place, at the expense of the petitioner." The Section also requires that "Such removal and *reinterment* shall be done with due care and decency." The section also requires that all persons in interest be made parties, and, if unknown, publication shall be had.

The petitioners here seek different relief. The prayer is to remove the bones but not reinter, but rather permit the staff of the Department of Conservation and Historic Resources to study and test the same and thereafter place them in an appropriate resting place. Sites, such as museums, were mentioned by staff persons at the hearing as the resting place of bones similarly removed from other sites in this state.

When questioned as to the authority of this Court to grant the relief sought, reliance [was placed] on the holding in the case of *Grinnan v. Fredericksburg Lodge,* 118 Va. 588 (1916). The decision in that case was rendered some 50 years prior to the enactment by the legislature of Code Section 57-38.1, but the relief granted is almost identical thereto. In *Grinnan,* petitioners sought to beautify and improve a site, not a dedicated graveyard, which was neglected and virtually abandoned; and incident thereto to move human remains to another portion of the same site and reinter and mark with the same stones and monuments as marked the original burial site, "with due regard for the sanctity of the dead. . . (and) the wishes of the living," at the expense of the petitioners.

The holding of the Supreme Court in *Grinnan* is: "There can, however, be no question of the power of a Court of equity to deal with a situation like the present, notwithstanding the absence of legislation on the subject, and to authorize, in its sound judicial discretion, the removal of graves or cemeteries in a proper case, after consideration of all the facts and with due regard to the rights and feelings of all concerned."

Unlike the situation as it existed in 1916, the Virginia legislature has now extensively dealt with the

subject of removal of bodies, graves and cemeteries with enactments found in Sections 57-36 through 57-39.1, inclusive. The legislation, in Section 57-38.1, deals with the very situation here before the Court but authorizes relief different from that here requested.

It does not appear that one can successfully argue that the legislature in its enactments did not consider an *ancient* burial ground because Section 57-38.1 specifically requires the Court, in the exercise of its discretionary power authorized, to "consider the historical significance of such graveyard."

Moreover, the Legislature in 1977 adopted the *Virginia Antiquities Act*, Code Sections 10-150.1, et seq. That Act deals specifically with archaeological sites and objects. It defines "objects of antiquity" as meaning "any relic, artifact, *remain*, specimen, or other archaeological article that may be found on, in or below the surface of the earth which has historic, scientific, archaeologic or educational value." (Section 10-150.3).

The Act provides for the identification, exploration, recovery, removal and title to objects of antiquity, and for conducting and coordinating research. Further, it authorizes the Department of Conservation and Historic Resources to adopt Rules and Regulations "necessary to identify, evaluate, preserve and protect objects of antiquity and to carry out the provisions of this Chapter."

The Act does not authorize the relief sought in this petition and, apparently, the Department, and its legal advisor, the Attorney General of Virginia, does not construe its authority to adopt Rules and Regulations sufficient to authorize the relief herein sought.

The Act was adopted in 1977 and amended as recently as 1984.

This Court is of the opinion that petitioners seek relief in an area where the legislature has acted and made provision for different relief. The petitioner, Department of Conservation and Historic Resources, is not faced with some new or unique situation, but rather, by its own representation, has seen need for and sought from the courts of this state, the identical relief on several prior occasions. Yet, it either has failed to seek legislation to authorize its desired action, or has unsuccessfully sought such legislation.

Where the legislature has acted, this Court is of the opinion that the inherent power of a court of equity does not permit the granting of a *different* relief with respect to the same circumstances.

The Court, for the reasons stated, is of the opinion that the petition should be denied. Upon request, the Court will consider permitting the filing of an amended petition. Were the Department of Conservation and Historic Resources to represent, in such an amended petition, that it would seek appropriate legislation at the next session of the General Assembly, the Court would consider permitting the removal and *preservation* of the bones, with due care and decency (but not the study or testing thereof) at the expense of the Department; provided, the Department were also to assure the court that, if appropriate legislation is not adopted at the next session of the General Assembly, it will arrange at its expense, subject to approval of this court, the reinterment of such bones in a cemetery in this city.

In essence, the court would under the above circumstances provide a grace period between the appropriate removal and subsequent reinterment of the bones to permit legislative action. During that period, the court would also require the Department to give notice, by publication, to unknown persons in interest of a hearing to be held on a date convenient to the court to permit any such persons in interest an opportunity to express their views with respect to the relief sought in the petition.